UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTLE CAESAR ENTERPRISES, INC.,
and BLUELINE FOODSERVICE
DISTRIBUTION, INC.,

        Plaintiff,

v.

LC 715 BROADWAY, INC., and
LC 1164 BROADWAY, INC.,

        Defendants.
_____/

No. 23-12892

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [13]**

Before the Court is Plaintiffs' Little Caesar Enterprises, Inc. and Blue Line Foodservice Distribution Inc. ("Plaintiffs") unopposed motion for default judgment. (ECF No. 13.) The motion follows the Clerk's entry of default against Defendants LC 715 Broadway, Inc. and LC 1164 Broadway, Inc. ("Defendants") on January 19, 2024. (ECF Nos. 11; 12.) For the following reasons, the Court will GRANT Plaintiffs' motion. (ECF No. 13.)

**I.    Background**

Plaintiffs entered into franchise agreements with Defendants in October 2020 and November 2022. (*See* Franchise Agreements, Exhibits 1 and 2 of ECF No. 13-1.) Among their obligations under the agreements, Defendants agreed to pay certain fees to Plaintiffs, to prepare and preserve books for at least four years, to provide financial reports, and to buy all equipment and ingredients for the franchises from approved entities. (ECF No. 1, PageID.4–5.) Failure to comply with the terms constituted a

1

default, and Plaintiffs could terminate the agreements if any breach was not cured within 30 days. (*Id.* at PageID.5.) Abandonment also amounts to default under the terms, allowing Plaintiffs to terminate the franchise agreements immediately in that event. (*Id.* at PageID.6.) Additionally, Defendants would pay liquidated damages if they defaulted before the end of the agreements that, by their terms, were not set to expire until October 23, 2030, and November 6, 2032. (*Id.* at PageID.6; ECF No. 13, PageID.44.)

The franchise agreements also imposed certain post-termination obligations. If the franchise agreements were terminated, Defendants agreed pay to Little Caesar and Little Caesar's affiliates all sums owed, Little Caesar's costs, expenses, and reasonable attorneys' fees incurred by reason of any default or termination of the franchise agreements or the enforcement of Defendant's post-termination obligations. (ECF Nos. 13-2, PageID.91–94; 1, PageID.6.)

When Defendants failed to provide quarterly financial statements for Q3 2022 through Q2 2023 as required under the franchise agreement terms, Plaintiffs sent a Notice of Default and Notice to Cure. (ECF No. 13-2, PageID.180–81; *see also* ECF No. 1, PageID.8.) Plaintiffs then learned Defendants abandoned both franchised restaurants. (ECF No. 1, PageID.7.) On August 17, 2023, Plaintiffs sent Defendants a Notice of Default and a Notice of Termination explaining that abandoning the franchises created grounds for immediately terminating the agreements. (*Id.*; *see also* ECF No. 13-2, PageID.176–78.) The August 17 Notice also informed Defendants of past due payment amounts that were due immediately. *Id.* Defendants failed to pay the outstanding obligations and never provided the missing financial reports.

Plaintiffs filed their complaint on November 14, 2023, to enforce the termination of the franchise agreements. (ECF No. 1.) Defendants were served with the Summons and Complaint on December 8, 2023, but failed to respond. (ECF Nos. 7; 8.) On January 19, 2024, the Clerk docketed an Entry of Default against Defendants. (ECF Nos. 11; 12.)

Plaintiffs now move the Court to (1) find Defendants violated the terms of their Franchise Agreements, (2) declare Plaintiffs had good cause to terminate the agreements, (3) order Defendants to pay all money owed to Plaintiffs, including liquidated damages, and (4) award Plaintiffs reasonable attorneys' fees. In support of their Motion, Plaintiffs submit declarations of Plaintiff Little Caesar's Deputy General Counsel Arthur Anasto and Vice President for Compliance Scott Haveman. (ECF Nos. 13-2, PageID.50–52; 13-3, PageID.187–190.)

## II.     Legal Standard

Federal Rule of Civil Procedure 55(b) permits the entry of judgment against a defendant who has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(b). To obtain judgment by default, the plaintiff must first request a default from the clerk pursuant to Rule 55(a). *Shepard Claims Servs., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). "[E]ntry of a default against a defendant establishes the defendant's liability." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citation omitted).

Once a default is entered against a defendant, the "factual allegations of the complaint, except those relating to the amount of damages will be taken as true." *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022). Rule

55(b)(2) provides that the Court "may" conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, a hearing is unnecessary if the evidence submitted is sufficient to support the damages request, or if the amount claimed may be discerned from definite figures in documentary evidence or affidavits. *McIntosh v. Check Resolution Serv., Inc.*, No. 10–14895, 2011 WL 1595150, at *4 (E.D. Mich. April 27, 2011) (citations omitted).

### III.    Analysis

#### A.    Liability

After reviewing Plaintiffs' Complaint, pending Motion, and other submissions, the Court finds that Plaintiffs have shown that they are entitled to a default judgment declaring that Defendants violated the terms of the parties' agreements.

First, the Complaint alleges that Plaintiffs abandoned the two franchise restaurants. (ECF No. 1, PageID.7.) That event constitutes good cause for termination of the agreement under its terms at § 13.2.2. (ECF Nos. 13-2, PageID.89 and 153.) Second, the Complaint alleges that Defendant failed to pay required fees to Little Caesar and failed to pay Blue Line for ingredients, supplies, and equipment; these failures are also good cause to terminate the agreement due to default under §§ 13.2.11 and 13.2.22. (ECF Nos. 1, PageID.7; 13-2, PageID.90 and 155.) Defendants are deemed to have admitted to these well-pleaded allegations (though not to damages) by their default. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995) (citation omitted). The allegations are also supported by sworn declarations from Little Caesar employees. (ECF Nos. 13-2, PageID.50–52; 13-3, PageID.187–190.) Plaintiffs provided Defendants notice and the opportunity to cure these defaults, and therefore also have

good cause to terminate under Michigan law. Mich. Comp. Laws § 445.1527(c); *see also Two Men & A Truck/International v. Two Men & A Truck/Kalamazoo*, 949 F. Supp. 500, 505 (W.D. Mich. 1996) (finding that the failure to pay money is almost always sufficient to constitute "good cause."). Accordingly, Plaintiff is entitled to a default judgment based on the termination of the franchise agreements for good cause.

    **B.**    **Damages**

Plaintiffs seek to recover all sums owed to Little Caesar and its affiliates for unpaid fees and supplies, contractual liquidated damages, and reasonable attorneys' fees and costs.

To establish unpaid fees and supplies, Plaintiffs submitted an affidavit from Scott Havemen, the Vice President of Compliance for Plaintiff Little Caesar Enterprises, Inc.. (ECF No. 13-3, PageID.187–90.) In the affidavit, Mr. Havemen provides an itemized breakdown and calculating $15,118.77 as due to Little Caesar for unpaid fees and $47,293.01 to Blue Line for unpaid supplies and related deliveries. (*Id.* at PageID.188.) Havemen declares that this calculation is based on the corporation's regularly maintained records. *Id.* The August 17 Termination Notice informed Defendants that past due amounts for food, supplies, and fees were immediately due as a result of the termination. (ECF No. 13, PageID.37; ECF No. 13-2, PageID.177.) The franchise agreements post-termination obligations include paying all sums owed. (ECF No. 13-2, PageID.92–3.) For these reasons, Plaintiffs are entitled to obtain judgment against Defendants in the above amounts.

Plaintiff Little Caesar also maintains they are entitled to liquidated damages. These damages are appropriate "'where the damages which would result from a breach

5

are uncertain and difficult to ascertain' when the contract is executed." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 706 (6th Cir. 2017) (quoting *Curran v. Williams*, 89 N.W.2d 602, 604 (Mich. 1952)). "Under Michigan law, liquidated-damages provisions are enforceable 'if the amount is reasonable with relation to the possible injury suffered and not unconscionable or excessive.'" *Id.* at 604 (quoting *UAW-GM Hum. Res. Ctr. v. KSL Recreation Corp.*, 579 N.W.2d 411, 421 (Mich. Ct. App. 1998)). In general, courts "should give effect to the parties' intent and enforce liquidated-damages provisions unless 'it is obvious from the contract . . . that the principle of compensation ha[ve] been disregarded.'" *Id.* at 604 (quoting *Curran*, 89 N.W.2d at 605).

Courts in this district routinely enforce liquidated damages provisions like the ones found in the franchise agreements. *See Little Caesar Enters., Inc. v. Little Caesars ASF Corporation*, 842 Fed. Appx. 955 (6th Cir. 2021) (affirming enforcement of liquidated damages provision materially identical to the liquidated damages provision here); *Little Caesar Enters., Inc. v. Walters Invests., Inc.*, Case No. 21-cv-12829, 2023 WL 373869, at *3 (E.D. Mich. Jan. 24, 2023) (enforcing materially identical liquidated damages provision); *Little Caesar Enters., Inc. v. Reyes 1, Inc.*, Case No. 19-cv-11437, 2020 WL 2395206, at *5-6 (E.D. Mich. May 11, 2020) (same).

Mr. Havemen calculated liquidated damages according to § 14.8 of the franchise agreements. (ECF No. 13-3, PageID.188.) That section states that if a franchisee defaults before the end of the term, then the franchisee shall pay a lump sum of the average monthly royalty, advertising and technology fees for the last year "multiplied by the lesser of (i) thirty-six (36) months or (ii) the number of months then remaining in the

6

then-current term of this Agreement." (ECF No. 13-2, PageID.93.) When Little Caesar terminated the franchise agreements for good cause, each agreement subjected Defendants to the following months for the calculation of liquidated damages:

| Franchise | Months Enforced from Agreement |
|---|---|
| 3331-0001 | 36 |
| 3331-0002 | 9 |

According to the formula set forth in § 14.8 of the Franchise Agreement, Plaintiffs are entitled to the following liquidated damages:

| Franchise | Royalty | Advertising | Total |
|---|---|---|---|
| 3331-0001 | $4,597.06 | $3,830.88 | $303,405.84 |
| 3331-0002 | $5,982.86 | $4,985.72 | $98,717.22 |
| **Total** | | | **$402,123.06** |

The Court finds that the liquidated damages provision in the franchise agreements is enforceable under Michigan law and that the evidence provided is sufficient to support these figures. The Court also finds the liquidated damage figure of $402,123.06 to be reasonable in relation to the injury suffered by Plaintiff Little Caesar and neither unconscionable nor excessive. For these reasons, the

### C. Attorneys' Fees

Plaintiffs request an award of reasonable attorneys' fees. Under Michigan law, contracting parties "may include a provision that the breaching party will be required to pay the other side's attorney fees and such provisions are judicially enforceable."

*Zeeland Farm Servs. v. JBL Enters.*, 219 Mich. App. 190, 195 (1996). Recovery is "limited to reasonable attorney fees." *Id.* at 195-96 (*quoting Papo v Aglo Restaurants of San Jose, Inc,* 149 Mich. App. 285, 299 (1986)). A party who claims "the right to recover attorney fees under a contract must introduce evidence" showing those fees are reasonable. *Id.* at 196 (*quoting In re Howarth Estate*, 310 N.W.2d 255, (1981)).

Section 23.9 of the franchise agreements sets forth that Plaintiff Little Caesar may recover its attorneys' fees and costs incurred in enforcing the agreement. (ECF No. 13-2, PageID.102.) Prior courts in this district have found this provision "on its face, to be valid and enforceable." *See, e.g.*, *Little Caesar Enters., Inc. v. S&S Pizza Enters, Inc.*, Case No. 21-cv11776, 2023 WL 5489021, at *5 (E.D. Mich. Aug. 24, 2023)).

While Plaintiffs are generally entitled to recover attorneys' fees, costs, interest, and expenses for their pre-and post-settlement agreement default collection efforts, recovery must be reasonable. *Crawley v. Schick*, 211 N.W.2d 217, 222 (Mich. Ct. App. 1973); *Papo*, 386 N.W.2d at 183. Plaintiffs ask to submit an accounting of fees and costs within fourteen days of this Order. (ECF No. 13, PageID.45.) Accordingly, Plaintiffs shall supply that information to this Court, supported by appropriate evidence, within fourteen days.

### IV.     Conclusion

For these reasons, the Court **GRANTS** Plaintiffs' motion for default judgment. (ECF No. 13.)

**IT IS FURTHER ORDERED** that Defendants' conduct violated the terms of the franchise agreements between the parties. Defendants, and all other persons in active concert or participation with them, are **HEREBY ORDERED** to immediately and fully

8

comply with the post-termination obligations contained in Sections 14 and 15 of the franchise agreements.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a judgment in favor of Plaintiffs and against Defendants in the amount of $15,118.77, plus interest, for unpaid fees to Little Caesar Enterprises, Inc.; $47,293.01, plus interest, for unpaid supplies and related deliveries to Blue Line Foodservice Distribution Inc.; and $402,123.06, plus interest, for liquidated damages pursuant to the liquidated damages provision contained in Section 14.8 of the parties' franchise agreements.

**IT IS FURTHER ORDERED** that, upon receipt of Plaintiffs' supplemental request of attorneys' fees and costs, the Court shall amend the judgment in favor of Plaintiffs and against Defendants for the reasonable attorneys' fees and costs incurred in enforcing the franchise agreements in connection with this dispute.

SO ORDERED.

                                          s/ Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: January 30, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2025, by electronic and/or ordinary mail.

                                          s/ Marlena Williams
                                          Case Manager